UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

KELVIN GOULD, #0009214

    Petitioner,

v.                                    2:09CV571

CITY OF NEWPORT NEWS,
ATTORNEY JEFFREY COLE ROUNTREE,
ATTORNEY TYONE C. JOHNSON,
and
ARTISHA K. TODD, Assistant
Commonwealth's Attorney,

    Respondents.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

### I. STATEMENT OF THE CASE

#### A. Background

Petitioner challenges his continued incarceration on charges of inanimate object sexual penetration and knowingly and intentionally exposing his sexual or genital parts. The charges have been pending since January 30, 2007. On November 26, 2007, petitioner filed a petition for writ of habeas corpus in this Court, but the petition was dismissed January 28, 2008, due to the fact that petitioner's trial in state court had not yet occurred.

On November 12, 2009, petitioner filed a second habeas petition in this Court, challenging his continued incarceration on the same charges that were pending when he filed the previous petition.

Pursuant to the Virginia Courts Case information System, the charges are still pending and trial is now scheduled for February 17, 2010.

By Order of December 1, 2009, petitioner was directed to show cause why his petition should not be dismissed for failure to exhaust his available state court remedies. On December 15, 2009, petitioner responded, but other than indicating that he does not understand the process for filing a petition, he gave no valid reason for not filing his claims in the Supreme Court of Virginia. Since petitioner's claims have not been exhausted, the Court has not required respondent to file an answer.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Standard of Review for State Court Findings

The federal statute regarding review of state court actions provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(2000).

This standard, adopted by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, is consistent with the Fourth Circuit's interpretation of 28 U.S.C. § 2254(d) prior to the passage of the new law. In Fields v. Murray, 49 F.3d 1024 (4th Cir.

2

1995), the court held that a review of a state court finding, which is entitled to a presumption of correctness, compels the habeas court to accord a high measure of deference to the state court. See id. at 1032-33 (citing Rushen v. Spain, 464 U.S. 114, 120 (1983); Sumner v. Mata, 455 U.S. 591, 598 (1982)). As stated in Marshall v. Lonberger, 459 U.S. 422 (1983), "[t]his deference requires that a federal habeas court more than simply disagree with the state court before rejecting its factual determinations. Instead, it must conclude that the state court's findings lacked even 'fair [] support' in the record." Id. at 432.

### B. Petitioner's Claims are Not Exhausted and are Not Subject to Federal Review.

At the outset, the Court finds that the allegations stated herein are amenable to resolution in a state habeas action, which petitioner has chosen not to pursue. In order to proceed with his claim under § 2254, petitioner must satisfy the statutory exhaustion requirements. Section 2254 provides that:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> . . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b)(1)-(c) (2000).

The Court finds that means exist within the state system through which petitioner may address and exhaust his claims. The Court finds no evidence in the record which suggests that petitioner has previously presented the claims to the Supreme Court of Virginia, the last step in petitioner's exhaustion of state remedies. Accordingly, the Court finds that petitioner has not satisfied the exhaustion requirements of § 2254. Since petitioner has not satisfied the statutory requirements, the Court cannot consider the merits of the claim at this juncture. See Clayton v. Smith, 404 U.S. 53, 54 (1971); Preiser v. Rodriquez, 411 U.S. 475, 489 (1993).

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that petitioner's petition for writ of habeas corpus be DISMISSED. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen days from the date of mailing of this report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(d) of said rules.

4

See 28 U.S.C. § 636(b)(1)(C)(2000); FED.R.CIV.P. 72(b). A party may respond to another party's objections within fourteen days after being served with a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. See Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

                                                    /s/
                                     James E. Bradberry
                                   United States Magistrate Judge

**Norfolk, Virginia**

**December 16, 2009**

## Clerk's Mailing Certificate

A copy of the foregoing Report was mailed this date to each of the following:

Kelvin Gould, #0009214, pro se
Hampton Roads Regional Jail
P.O. Box 7609
Portsmouth, VA 23707

Fernando Galindo, Clerk

By _[signature]_
Deputy Clerk

Dec. 16, 2009